Pete Contreras
15133 ½ Gundry Ave.
Paramount, California 90723

FILED
CLERK, U.S. DISTRICT COURT
DEC 17 2021
CENTRAL DISTRICT OF CALIFORNIA
BY: ___KMH___ DEPUTY

Plaintiff in pro per

FEE PAID

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETE CONTRERAS, an individual,<br>Plaintiff,<br>vs.<br><br>CHRISTOPHER A. WRAY, Director of the Federal Bureau of Investigation, in his official capacity,<br>JOHN DOE(S),<br>KRISTI KOONS JOHNSON, Assistant Director of the Los Angeles Office of the Federal Bureau of Investigation, in her official capacity,<br>BERNARD MELEKIAN, City of Pasadena Police Chief, in his official capacity,<br>VICTOR OBASOHAN, An Individual,<br>JENNIFER RASIAH, an individual,<br>JOE PULIDO, an individual,<br>FEDERAL BUREAU OF INVESTIGATION, an agency of the executive branch of the USA.<br>UNITED STATES OF AMERICA, A Sovereign Nation<br><br>And Does 1-10<br><br>Defendants | CASE No.: 2:21-cv-09797-JVS-JPR<br>**COMPLAINT FOR DAMAGES, AND PERMANENT INJUNCTION FOR DEPRIVATION OF U.S. CONSTITUTION AND CALIFORNIA CONSTITUTIONAL RIGHTS.**<br>1.) **INTERFERING WITH RIGHT OF RENUMERATION;**<br>2.) **FREEDOM OF RELIGION,**<br>3.) **CONSPIRACY TO INTERFERE WITH FREEDOM OF EDUCATION;**<br>4.) **DEFAMATION;**<br>5.) **ILLEGAL SEARCH AND SEIZURE;**<br>6.) **INVASION OF PRIVACY;**<br>7.) **DIRECTING THIRD PARTIES TO CAUSE MEDICAL MALPRACTICE;**<br>8.) **HARASSMENT AND/OR GOVERNMENT BULLYING**<br>9.) **VIOLATING OF RIGHT TO ENJOYMENT OF LIFE, LIBERTY, SAFETY & HAPPINESS.**<br>[Unlimited Civil Case]. |

Demand for jury trial.

Plaintiff alleges:

## GENERAL ALLEGATIONS

1. COMES NOW, Plaintiff's complaint brought against Defendants. Federal Bureau of Investigation, Los Angeles County Sheriff's Department, Pasadena Police Department, et. al. and Does 1-10, for violation of plaintiff's right to freely practice his religion, freedom of education, slander, invasion of privacy, directing third parties to cause medical malpractice, interfering with right of renumeration, and unreasonable search and seizure under the under Federal Tort Claims Act (FTCA), the First, Fourth, and Fourteenth Amendments of the United States Constitution, the California Constitution Article 1 Sections 1, 4, 7, and 13, and *42 U.S.C. § 1983, 42 U.S.C. § 1981 (a),(b,(c), and 42 U.S.C. § 1985 (3)*, Civil Code § *45(a), 46, 57.1(a)*. Plaintiff's FTCA claim was denied on June 17, 2021. Plaintiff files this action within the six-months of Statue of Limitations.

2. The jurisdiction of this Court is predicated on *28 U.S.C. §§ 1331* and *1343*.

3. Plaintiff, Pete Contreras, is, and at all times mentioned in this complaint, a resident in the County of Los Angeles, California.

4. Defendant CHRISTOPHER A. WRAY, KRISTI KOONS JOHNSON, BERNARD MELEKIAN, et. al. and Does 1-10, are, and at all times mentioned in this complaint, in their official capacity at their respective career duties.

5. A substantial part of the events giving rise to this action occurred in Los Angeles, California. Venue is therefore proper under *28 U.S.C. § 1391(b)*.

6. Defendant CHRISTOPHER A. WRAY, KRISTI KOONS JOHNSON, BERNARD MELEKIAN, et. al. and Does 1-10, were, at all times mentioned in this complaint, acting under color of state law. Plaintiff is ignorant of the true names and capacity of defendant's sued herein as DOES 1-10, inclusive, and therefore sues these defendants by such fictitious names under California Code of

FEDERAL TORT CLAIMS ACT FOR
DEPREVATION OF U.S. CONSTITUTIONAL RIGHTS

Civil Procedure Section 474. Plaintiff will amend his complaint to allege their names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants are responsible in some manner for the occurrences and damages herein alleged, and that plaintiff's injuries as herein alleged were proximately caused by defendant's acts.

7. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, defendants, and each of them, were the agents and employees and/or volunteers of each of the remaining Defendants and, in doing the things herein alleged, were acting within the course, scope and authority of such agency(s).

## FACTS

8. Defendants CHRISTOPHER A. WRAY, KRISTI KOONS JOHNSON, BERNARD MELEKIAN, et. al. and Does 1-10, have, during their official capacity, violated and continue to violate plaintiff's constitutionally protected rights.

9. Plaintiff is informed and believes and thereon alleges that he was and continues to be subjected of violations to be free of unreasonable search and seizures of personal property against the *Fourth* and *Fourteenth Amendments to the U.S. Constitution*; the right to be free from defamatory statements labeling plaintiff as being a "narco-trafficante" into "weapons" and/or into criminal activity to college professors employers and/or prospect employers; violations to the free exercise of religion by destroying Rosaries and use defamatory criminal statements to pastors and/or parishioners of congregation against the *First Amendment to the U.S. Constitution* under the Free Exercise Clause;

10. This Petition against the Federal Bureau of Investigation et. al. is not limited to abuses and violations against plaintiff's rights to protection of honor, personal reputation, private and family life, liberty, and personal security, equality before law, interference with freedom of religion and religious

practices in both public and private, right to a family and to protection therefore, right to residence and movement, right to inviolability of the home, right to the inviolability and transmission of correspondence such as cell phone calls, texts, electronic email and postal mail, right to preservation of health and to well- being, right to work and to fair remuneration, right to leisure time and to the use thereof, civil rights, right of association of religious nature, and right to property.

11. The FBI et. al. have caused and continue to cause economic harm, aggravation, use of hostile third parties to instigate one or more of the above mentioned violations, disseminate derogatory information to friends, family, religious associates and employers, interference with and abuse of the judicial process, finally collusion, and conspiracy with and use of local law enforcement, informants, agitators and/or voluntary private third parties against one or more victims to do FBI's bidding under the rubric of investigation.

12. As a result of the customs, practices, modus operandi, and policies of defendant, FEDERAL BUREAU OF INVESTIGATION (FBI) et. al.

<u>Kidnapping incident</u>

13. On or about August 2002, under the rubric of "Investigation", FBI in collusion with Pasadena Police and Los Angeles County Sheriff's Department illegally enter Plaintiff's residence on a "kidnapping alibi", against Plaintiff's roommate cousin, JP, for the sole purpose of illegally entering and searching for any "weapons or drugs," none were found. Plaintiff's cousin (JP) was illegally arrested and taken to the mother of the supposed "kidnapped" daughter.

14. The FBI in collusion with local police was to have the mother identify Plaintiff's cousin as the supposed "kidnapper" in a make shift street trial. Meanwhile, back at Plaintiff's apartment, FBI kept illegal searches active. As JP stepped out from the patrol vehicle and looked at the mother (about 55 years old)

exclaiming to her, *"Why did you do this to me, I did not do nothing anything!"* *"Remember your daughter was with you when I left!"* The mother was surprised and speechless to see him handcuffed as he came out from the patrol vehicle— maybe she did not realize the Police would go thru with it. It is believed the FBI and local law authorities had approached her earlier on volunteering for their "kidnapping alibi" –The mother replied, *"That's what I tried to tell them, but they wouldn't listen!"* JP replied, *"Ok, but I did not do anything!"* The mother had phoned her daughter who was with her boyfriend. Plaintiff requested records from Pasadena Police. Pasadena Police denies anything ever happened. It is not surprising that Pasadena Police chief would not disclose any "kidnapping" report. There has been a coroner's report that contradicted the chief Barnard Melekian's statements that a suspect had not been shot in the back.

### FBI Twenty-four surveillance

14. On or about Feb. 2003, Plaintiff's cousin (HC), stopped for a brief visit. FBI viewed his cousin visit from atop the second floor of the next-door Townhome on 15137 Gundry Ave., Unit "F", Paramount, CA 90723. FBI followed HC him back to his employment at the dairy farm in the State of Montana. After several years of surveillance waiting and not having any incriminating activity from HC with Plaintiff. FBI decided to speed up the action by placing an undercover agent agitator to befriend HC. Once obtaining HC's confidence with small talk, the undercover FBI agent conspired via entrapment by requesting HC to "lend [h]im some money until pay day, I'll bring in an AK 45 for you to hold for me until I pay you back."

15. About a week after the Undercover Federal Agent offered him the supposed weapon for pawn, there was a <u>team</u> of FBI and Department of Homeland security (DHS) agents waiting to apprehend him at his employer, Bos Top Dairy, early in the morning. However, the FBI and DHS were there to arrest him on charges of identity theft.

16. The FBI informed HC, *"We have been on your trail since 2003, back in California!"* HC's only visit to the State of California was the Plaintiff's residence located in the City of Paramount. All the work hands employed at the dairy farm were all immigrants in the same situation as HC.

<u>Religious infringement by FBI operatives.</u>

17. On or about Sept. 2010 to Feb. 2019, FBI operatives infringe upon Plaintiff's right to practices his religion.

18. On or about September 2010 through December 2010, Plaintiff attended religious education classes offered in Spanish at Hombre Nuevo. Hombre Nuevo is a catholic religious radio and television station located at 12036 Ramona Boulevard in the City of El Monte, 91732, in the County of Los Angeles, State of California, telephone number (626) 444-4442. FBI undercover agent provocateurs violated victim's honor, and personal reputation by fabricating lies about Plaintiff to religious leaders, educators, parishioners, radio and television hosts.

19. While Plaintiff attended religious education Hombre Nuevo, FBI agitators in collusion with local law enforcement fabricated lies about victim being a narcotraficante. Professor Hugo Guzman was informed by a female undercover agent of disseminative fabricated allegations by FBI operatives. One evening after class session the program hosts personally approached and expressed to Plaintiff, he "[w]as not wanted" and "to get out of the here" spoken in Spanish as he passed by. On or about February 4, 2012, FBI agent provocateurs informed Padre Mariano de Blas that Plaintiff "was a narcotraficante." Not true. On November 11, 2012, during a religious gathering FBI undercover agent provocateurs instigated that Plaintiff was stealing handbags from the parishioners' seats. Not true.

20. On or about Nov. 2013, Plaintiff had looked up on his cell phone which church was going to be having mass. The parking lot seemed full. FBI had set up two fake parking lot attendants, with flags on hand and bright vest, to direct

Plaintiff to park at a certain area upon his arrival.  While the FBI undercover operative talked with Plaintiff on the driver's side, the other FBI undercover operative leaned into the passenger side window to seize his cell phone.  After looking for the parking spot, Plaintiff drove back to the attendants but were not at the

front entrance of the parking lot.  Plaintiff parked in the street, walked to the rectory to ask about the two parking attendants.  The receptionist replied, *"We do not have any parking attendants."*  Plaintiff asked if there were volunteers attending the parking lot.  She replied, *"We do not have any volunteers parking attendants either."*

21. On Feb. 2019, at another religious convention, FBI contacted Padre Mariano de Blas informing him Plaintiff was in attendance.  Plaintiff entered the restroom at the farthest isolated corner of the Anaheim Convention Center, only to be surprised to see Padre Mariano de Blas standing inside the restroom as Plaintiff was exiting.  The hosts of the religious event had their own back-stage entrance and restrooms.

FBI operatives defame Plaintiff at the local Cerritos Community College

22. On or about July 5, 2010, FBI operatives disseminated falsehoods about Plaintiff to Defendant, College Professor VICTOR OBASAHON that Plaintiff "had an Uzi" in his book rolling bag. Not true.  College Professor VICTOR OBASAHON went on to further the FBI conspiracy operative by involving Plaintiff in his epitome college lecture on the presidency.  Defendant OBASAHON elaborated that Plaintiff was running for president and *"Hey I'm running for President, vote for me, remember me from school, yah, with the UZI, you know the one with the big black book bag."*  Defendant OBASAHON voiced this same theme of an "UZI" twice in the same lecture to a full class room of over thirty (30) students.  Plaintiff reserves the right to subpoena alumni present during Defendant's engaged participation in the derogatory and defaming matter with the FBI.

23. The policy of FBI described in this complaint, was established on an ongoing basis for the past thirty years by a decision of Directors of the FBI et. al.

24. The customs, practices, and policies of defendant FBI el. Al. described in this complaint amounted to deliberate indifference to the rights of persons, such as the plaintiff, who Defendant's continue to participate in a conspiracy and collusion to Plaintiff's detriment.

25 As a direct and proximate result of the customs, practices, and policies of defendant FBI, described in this complaint, plaintiff has suffered injury, loss, and damage, including, loss of liberty, invasion of privacy, right to fair renumeration and employment, emotional distress, pain, and suffering.

+WHEREFORE, plaintiff prays judgment against defendant as follows:

1. For general damages for personal injury, in an amount of $12,355,750;
2. For property damage in the amount of $102,528.00;
3. For exemplary damages according to proof;
4. For reasonable attorney's fees, pursuant to *42 U.S.C. § 1988*;
5. For costs of suit incurred in this action; and
6. For such other and further relief as the Court deems proper.

December 16, 2021

Respectfully submitted,

By: _____

Pete Contreras